IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SUZANNE K. SAYER, | ) | 4:05CV3020 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| OVERHEAD DOOR CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on Defendant's motion for summary judgment, filed on July 29, 2005. No response has been filed by the plaintiff. Defendant's statement of material facts (filing 18, pp. 3-9) therefore is deemed admitted. See NECivR 56.1(b)(1).

Plaintiff, Suzanne Sayer, was employed by Defendant, Overhead Door Corporation ("ODC") at its Grand Island plant from February 2000 until December 2003. In March 2003, Sayer suffered an on-the-job injury to her knee which required surgery. She had additional surgery on December 8, 2003, then returned to work on temporary light-duty. When Sayer requested intermittent leave under the Family and Medical Leave Act ("FMLA"), ODC asked for a certification of eligibility for FMLA leave from Sayer's physician. Her physician's assistant responded that it was not necessary for Sayer to be granted intermittent leave. When Sayer refused to return to work, she was terminated for violating ODC's attendance policy.

Sayer claims that her termination constituted a violation of the FMLA. She also contends that ODC retaliated against her for exercising her rights under the FMLA and for filing a Workers' Compensation claim.

ODC seeks summary judgment on Sayer's FMLA claims because there is no evidence to support a finding that ODC interfered with her FMLA rights or retaliated against her for requesting FMLA leave. I agree. The evidence is conclusive that Sayer was not eligible for FMLA leave, and that she was fired for violating ODC's attendance policy. Sayer even admitted during her deposition that she was not aware of any facts that would show the reason she was terminated was because she asked for FMLA leave.

Although Sayer also admitted during her deposition that she had no evidence she was terminated for filing a Workers' Compensation claim, ODC's motion only requests that the court decline to exercise supplemental jurisdiction over this claim if the FMLA claims are dismissed. I will do so.

Accordingly,

IT IS ORDERED that Defendant's motion for summary judgment (filing 16) is granted, as follows:
1. Plaintiff's second and third causes of action are dismissed with prejudice pursuant to Fed. R. Civ. P. 56.
2. Plaintiff's first cause of action is dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3)

September 6, 2005.

BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge