IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SUZANNE K. SAYER, | ) | 4:05CV3020 |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| OVERHEAD DOOR CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

On September 6, 2005, the court entered summary judgment in favor of Defendant on Plaintiff's second and third causes of action and dismissed Plaintiff's first cause of action without prejudice, pursuant to 28 U.S.C. § 1367(c)(3). Plaintiff did not file a response to Defendant's summary judgment motion, but, claiming excusable neglect, has now moved to set aside the judgment pursuant to Federal Rule of Civil Procedure 60(b).

Defendant's summary judgment motion was filed and served on July 29, 2005, which meant that the deadline for Plaintiff to file a response was August 22, 2005. See NECivR 56.1(b)(2), 6.1(b) and (c). Plaintiff's counsel, a sole practitioner in Grand Island, states that he first became aware of the motion on August 12, 2005, after returning to his office from a two-week honeymoon in Jamaica, and that during the ensuing workweek he was occupied with other personal and legal matters which kept him from preparing a response.

While the excuses offered by Plaintiff's counsel would have provided cause for the court to grant an enlargement of time under Federal Rule of Civil Procedure 6(b)(1),[1] no motion for an enlargement of time was filed. Now that Defendant's

---

[1] I do not hypothesize whether an enlargement of time might also have been granted for "excusable neglect under Rule 6(b)(2) (applicable where the response time has already expired).

motion has been decided and judgment entered, it is too late for Plaintiff's counsel to explain that he failed to file a response within the time prescribed by the applicable rules simply because he was busy doing other things.

> Under Rule 60(b)(1), a district court may grant relief from a judgment on the grounds of "mistake, inadvertence, surprise, or excusable neglect." The term "excusable neglect" in this context is generally "'understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence.'" Union Pac. R.R. v. Progress Rail Servs. Corp., 256 F.3d 781, 782 (8th Cir.2001) (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs., 507 U.S. 380, 394, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)). To be excusable, however, the neglect must be accompanied by a showing of good faith and some reasonable basis for not complying with the rules. Ivy v. Kimbrough, 115 F.3d 550, 552 (8th Cir.1997). It is generally held that "excusable neglect" under Rule 60(b) does not include ignorance or carelessness on the part of an attorney. Hunt v. City of Minneapolis, 203 F.3d 524, 528 n. 3 (8th Cir.2000); Hoffman v. Celebrezze, 405 F.2d 833, 835 (8th Cir.1969). Neither a mistake of law nor the failure to follow the clear dictates of a court rule constitutes excusable neglect. See Ceridian Corp. v. SCSC Corp., 212 F.3d 398, 404 (8th Cir.2000).

Noah v. Bond Cold Storage, 408 F.3d 1043, 1045 (8th Cir. 2005).

Accordingly,

IT IS ORDERED that Plaintiff's Rule 60(b) motion (filing 22) is denied.

October 24, 2005　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　s/ *Richard G. Kopf*
　　　　　　　　　　　　　　　　　　United States District Judge